RICHARDSON v. STATE. (1 Div. 231.)

(Court of Appeals of Alabama. May 15, 1917.)

CRIMINAL LAW ☞804(1)—TRIAL—DELIVERY OF CHARGE IN WRITING OR REDUCTION TO WRITING—STATUTE.

Where the trial court failed to deliver its charge in writing, as required by Code 1907, § 5364, as amended by Gen. Acts 1915, p. 816, providing that every general charge shall be in writing or taken down by the court reporter as it is delivered to the jury, and did not have it taken down by the court reporter as it was delivered, judgment of conviction must be reversed; the matter not resting within the discretion of the court.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1948, 1951.]

Appeal from Law and Equity Court, Monroe County; W. G. McCorvey, Judge.

Thee Richardson was convicted of assault with a pistol, and he appeals. Reversed and remanded.

L. S. Biggs, of Monroeville, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant was convicted of an assault with a pistol, under the fourth count of a complaint which charged the defendant with five different offenses. No objection by demurrer or otherwise was made to the complaint. We are free to state, however, that the complaint is an unusual one, containing, as it does, several separate and distinct offenses not of the same general nature nor belonging to the same family of crimes. However, no extended discussion of this nor of other questions raised by the record is deemed necessary, as the judgment of conviction must be reversed, and the cause remanded because of the error committed by the court in overruling the defendant's motion for a new trial, to which ruling of the court the defendant duly excepted. The motion should have been granted, upon the ground that the court failed to comply with the law (section 5364, Code 1907, as amended by General Acts 1915, p. 816) which provides that:

"Every general charge shall be in writing or be taken down by the court reporter as it is delivered to the jury."

The failure of the court to deliver its charge in writing as required by said act, or to have it taken down by the court reporter as it is delivered to the jury, is not a matter resting within the discretion of the court.

Reversed and remanded.

(75 South. 629)

DE BARDELEBEN v. STATE. (6 Div. 303.)

(Court of Appeals of Alabama. May 15, 1917.)

CRIMINAL LAW ☞1104(3)—APPEAL AND ERROR—REVIEW—TRANSCRIPT.

Under Acts 1915, p. 815, providing that the refusal of a charge shall not be cause for reversal on appeal, if it appears that the same rule of law was substantially given in a general charge or in requested charges, and providing the manner in which charges must be set out in the transcript on appeal, where the transcript fails to set out the general charge or the written charges given at the request of the defendant, the appellate court will not consider the refused charges.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2776, 2886.]

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Emma DeBardeleben was convicted of grand larceny, and she appeals. Affirmed.

R. L. Williams, of Birmingham, for appellant. W. L. Martin, Atty. Gen., for the State.

SAMFORD, J. The defendant was tried on an indictment in two counts, one count charging grand larceny and the other charging receiving stolen property, was convicted of grand larceny, and from the judgment appeals.

The transcript fails to set out the general charge of the court or the written charges given at the request of defendant; and in their absence this court will not consider the refused charges. Acts 1915, p. 815.

We find no error in the record, and the judgment is affirmed.

Affirmed.