(93 South. 259)

### WHALE v. STATE. (6 Div. 17.)

(Court of Appeals of Alabama. May 30, 1922.)

1. Criminal law ⬛1090(14)—Refusal of general affirmative charge not considered, in absence of bill of exceptions.

In the absence of a bill of exceptions, the Court of Appeals cannot consider refusal to give, at defendant's request, a general affirmative charge.

2. Criminal law ⬛1119(1)—Failure of court to have case reported by court reporter, not shown by record, held no ground for reversal.

Conviction will not be reversed on the ground that the court failed to have the case reported by the court reporter, under Acts 1915, p. 816, where such failure is not shown by the record, and it does not appear therefrom that the omission from the record is not the result of a desire on the part of the defendant that it should be omitted.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

William Henry Whale was convicted of grand larceny, and he appeals. Affirmed.

R. L. Williams, of Birmingham, for appellant.

The court failed to have the case reported by official Reporter, which was a defect demanding a reversal. Acts 1919, p. 262; 61 Ala. 201.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] There is no bill of exceptions, and therefore we cannot consider the action of the court in refusing to give, at the request of defendant, the general affirmative charge.

[2] Insistence is made in brief of counsel that this judgment should be reversed because of a failure of the court to have this case reported by the court reporter in compliance with the statute. Acts 1915, p. 816. But it nowhere appears in the record that this was done, or that the omission from the record is not the result of a desire on the part of defendant that it should be omitted. Nor is it made to so appear by motion for a new trial, as was done in Richardson v. State, 16 Ala. App. 81, 75 South. 629.

We find no error in the record, and the judgment is affirmed.

Affirmed.